UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA F. SMITH,

    Plaintiff,                             CIVIL ACTION NO. 06-CV-12136

    v.

                                        DISTRICT JUDGE AVERN COHN
                                        MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on June 19, 2003, alleging that she had been disabled and unable to work since February 1, 2003, at age 46, due to severe knee, shoulder, elbow and hand pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on March 14, 2005, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work  The Law Judge limited the claimant to jobs that did not require prolonged walking, standing, lifting or driving. The claimant was also unable to do any driving or repetitive climbing, and

she could not be exposed to unprotected heights or hazardous machinery. Plaintiff was further restricted to simple, low stress work that involved limited contact with other people. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 47 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed by the Target Stores stocking clothing and other merchandise (TR 52, 84). As a retail salesperson, she stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 85). Claimant stopped working full time in February 2003[1], due to severe bilateral knee, elbow and shoulder pain (TR 285-288). She also suffered from stiffness in her right hand that made it difficult to stock merchandise (TR 287). Pain medications allegedly proved ineffective and made her sleepy (TR 292-293). Plaintiff testified that she remained disabled as a result of severe joint pain that prevented her from standing or walking for prolonged periods (TR 295-297). Plaintiff spent her days at home preparing her own meals, doing some yard work, and visiting friends and relatives (TR 94-97).

A Vocational Expert, Asa Brown, classified Plaintiff's past work as medium, unskilled activity (TR 302). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[2] (TR 303). If the claimant were capable of light work, the

---

[1] The claimant reported that she continued to work at Target on a part time basis until July 2003 (TR 100).

[2] The witness opined that the claimant's alleged need to lie down for several hours each day would preclude all work activity (TR 303).

**2**

witness testified that there were numerous assembly, sorting, packaging and inspection jobs that she could still perform with minimal vocational adjustment (TR 304-305). These unskilled jobs provided a sit-stand option, and did not require any driving or repetitive climbing (TR 304). The jobs would not expose her to unprotected heights or hazardous machinery. These simple, low stress jobs did not require that the claimant have much contact with other people (TR 304).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of osteoarthritis of the knees, tendinitis of the left elbow, hypertension and mental depression, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's knee pain prevented her from working at jobs requiring prolonged sitting, standing or lifting. Claimant was also unable to perform any driving or climbing, and she could not be exposed to unprotected heights or hazardous machinery. The ALJ further limited claimant to simple, low stress jobs that did not involve a great deal of contact with other people. The Administrative Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is  disabled as a result of severe joint pain. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity,

but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985). Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling knee shoulder, elbow and hand pain.

Despite claims of severe elbow and shoulder pain, the medical record revealed that Plaintiff retained excellent strength and ranges of motion in both upper extremities (TR 122, 136). Hand and elbow X-rays were entirely normal, and clinical examination of her arms and hands yielded minimal findings (TR 126, 136, 209). Moreover, no examining physician opined that the claimant had an upper extremity impairment that significantly affected her ability to lift or carry.

While the medical record indicated that Plaintiff sought treatment for a three month history of bilateral knee pain (TR 119), physical examinations in May and July 2003, revealed nearly normal bilateral knee flexion and the examiners detected no signs of any acute distress (TR 119, 122-123). X-rays of both knees showed only mild degenerative narrowing (TR 120). Plaintiff reportedly told her doctors in June 2003, that the morning

stiffness in her knees usually improved by the end of the day (TR 115). A rheumatologist, Dr. Mihail Moroianu, examined claimant's knees on July 29, 2003, and noted full ranges of knee motion, despite some tenderness and crepitus in both joints (TR 136).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency physician[3], who concluded that the claimant could perform substantial gainful activity on a sustained basis (TR 107). Moreover, the types of unskilled jobs identified by the Vocational Expert (assembly, packaging and sorting) would not cause a great deal of work related stress. These unskilled jobs provided a sit-stand option, and did not require any driving or repetitive climbing (TR 304).

Plaintiff contends that the Law Judge's residual functional capacity assessment did not take into account her mental depression. While two examining psychiatrists noted that the claimant exhibited serious mental health symptoms, their clinical evaluations were relatively normal. For example, both clinicians observed that Plaintiff was cooperative and well groomed, and that she maintained good eye contact during the interview. Plaintiff's memory and judgment were said to be good, and she did not have any suicidal ideation stemming from the depression (TR 232-235, 257-258). The medical record also revealed that claimant's depression and poor sleep patterns responded quickly to medications[4]. She reported feeling much better with renewed energy within a few months of the onset of her symptoms (TR 228-230, 237-240). In light of this evidence, the ALJ reasonably limited

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

[4]Contrary to Plaintiff's assertion, there was no medical evidence that she suffered significant side-effects from her medications that would preclude her ability to perform substantial gainful activity.

Plaintiff to simple, low stress work that did not require much contact with co-workers, supervisors or the general public.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: October 23, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 23, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 23, 2006.  **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217